DANNY R. GLEASON, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Gleason v. Commissioner
Docket No. 23019-88
United States Tax Court
T.C. Memo 1990-110; 1990 Tax Ct. Memo LEXIS 110; 59 T.C.M. (CCH) 27; T.C.M. (RIA) 90110; March 6, 1990
Robert E. Kovacevich, for the petitioner. Terry Merriam, for the respondent. KORNER
*136 MEMORANDUM FINDINGS OF FACT AND OPINION KORNER, Judge: By notice of deficiency dated June 7, 1988, respondent determined a deficiency in and additions to petitioner's 1984 Federal income tax as follows: Additions to Tax
Sec.
Sec.
Deficiency
6653(a)(1) [1]
6653(a)(2)
Sec. 6654
Sec. 6661
$ 7,861.00
$ 393.05
*
$ 362.00
$ 1,964.00
The issues for decision are: (1) whether petitioner erroneously deducted expenses and/or losses related to a car racing *112 activity, a mining activity, an investment in a limited partnership, and his occupation of trucking; (2) whether petitioner is liable for additions to tax pursuant to sections 6653(a)(1) and (2), 6654, and 6661; and (3) whether petitioner is liable for damages (penalty) pursuant to section 6673. For convenience, we have combined our Findings of Fact and Opinion. Some of the facts have been stipulated and are so found. The stipulation of facts and exhibits attached thereto are incorporated herein by this reference. Petitioner was a resident of Coeur d'Alene, Idaho, at the time he filed the petition in this case. During 1984 petitioner was employed as a truck driver. He also actively participated in a mining venture, and was a limited partner in *137 "600 Grant Street Limited Partnership," (600 Grant Street) a real estate investment limited partnership. On his 1984 Federal income tax return, filed July 1986, petitioner claimed the following deductions: Item
Amount
1.
Schedule C net mining loss
$ 6,506
2.
Schedule C net car racing loss
3,983
3.
Schedule E net mining loss
2,398
4.
Schedule E net loss from
600 Grant Street
1,649
5.
Employee business expenses
2,912
6.
Investment interest expense related
to 600 Grant Street
4,408
*113 In his notice of deficiency respondent disallowed items 2 through 6 in the forms stated above. With regard to item 1, respondent disallowed $ 8,946, representing petitioner's share of the gross deductions attributable to the mining venture. At trial, counsel for respondent pointed out that the $ 8,946 amount was the result of a miscalculation. We agree and find that petitioner's share of the claimed deductions tied to the mining venture, i.e., the correct amount at issue with regard to item 1, should be $ 8,991. We so hold. In preparation for this case, respondent both informally and formally requested petitioner to supply him with all evidence supporting the deductions at issue. See Rules 70(a)(1), 72. These requests were made in February and March of 1989. Petitioner was not compliant. Respondent then asked this Court, pursuant to Rule 104(b), for an order compelling production of this evidence; that order was issued on April 27, 1989. Petitioner remained noncompliant. Finally, at trial on June 7, 1989, petitioner produced the evidence, explaining that he had only been able to locate it the previous evening. [2] In response, respondent moved to exclude this evidence pursuant *114 to Rule 104(c)(2), and requested an award of costs against petitioner under Rule 104(c)(4). We granted the motion for exclusion, and denied the requested costs. Respondent also moved for an award of damages against petitioner under section 6673, alleging that petitioner had "unreasonably failed to pursue available administrative remedies." Our disposition of that motion is discussed below. Deprived of the opportunity to offer corroborative evidence by his own failure to cooperate in the preliminary stages of this case, petitioner at trial was forced to attempt to substantiate the deductions at issue based solely on his tax return, his own testimony, and his subscription agreement with 600 Grant Street, the only proffered evidence which he had provided to respondent in advance of the trial. Tax returns are, of course, not self-proving. Nor are we obligated to accept a taxpayer's self-serving, uncorroborated testimony. , *115 affg. a Memorandum Opinion of this Court. We found petitioner's testimony generally vague, sometimes in conflict with his return positions, and overall unconvincing. Nor does the subscription agreement materially support petitioner's case. As a result, having considered all the evidence before us, we uphold respondent's determined deficiency in its entirety. Petitioner simply failed to overcome the presumption of correctness ascribed to respondent's determinations. Rule 142(a). [3]
We similarly uphold the additions to tax for negligence under section 6653(a)(1) and (2). Petitioner's introduced evidence was insufficient to refute the presumption that respondent was correct when he determined that petitioner was negligent within the meaning of that section with regard to each item in the deficiency. See . The addition to tax for failure to pay estimated tax was, however, wrongly determined. Section 6654(a) imposes an addition to the tax of individuals who have an "underpayment" *116 of estimated tax. The existence of an underpayment is determined by contrasting a taxpayer's estimated payments against a figure based on his or her "required annual payment." Sec. 6654(b)(1), 6654(d)(1). For 1984, the required annual payment is "80 percent of the tax shown on the return * * *." Sec. 6654(d)(1)(B) (emphasis added). Taxes withheld on wages are considered payments of estimated tax. Sec. 6654(g). Petitioner's 1984 Federal income tax withholdings totaled $ 3,225.06. The tax shown on his return was $ 2,093. Petitioner's estimated payments thus exceeded the tax shown on his return, and he is therefore not liable for any addition to tax under section 6654. In determining this addition respondent apparently mistakenly considered petitioner's tax as determined in the notice of deficiency instead of petitioner's tax as shown on his return. Such a substitution is clearly erroneous. See . We next examine the addition to tax for substantial understatement of tax. Section 6661 imposes a 25 percent addition to tax when there is an underpayment of tax attributable to a "substantial understatement," and the addition *117 is assessed after October 21, 1986. Sec. 6661(a); *138 . A substantial understatement occurs when a taxpayer understates the tax required to be shown on his or her return by the greater of 10 percent or $ 5,000. Sec. 6661(b). Here there was such an understatement. The addition to tax will also be assessed after October 21, 1986. Since neither of the exceptions limiting this addition to tax are presently applicable, sec. 6661(b)(2)(B), this addition was properly determined. We so hold. Finally, we must address respondent's motion for damages against petitioner under section 6673. That section directs this Court to assess damages against a taxpayer when, inter alia, it appears to us that: (1) the taxpayer failed to pursue available administrative remedies, and (2) that failure was unreasonable. Sec. 6673(a). We find both these requirements present in this case. As stated above, petitioner was completely unresponsive to both respondent's and this Court's attempts to involve him in the preparatory stage of this case. Furthermore, petitioner has not shown and the record does not otherwise indicate that he *118 at any time availed himself, or attempted to avail himself, of an opportunity to resolve his dispute with respondent by an IRS Appeals Division Conference. Apart from indicating an indifference towards this Court's established procedures, see , such conduct was also a failure to pursue available administrative remedies. Administrative remedies do not disappear upon the filing of a petition to this Court: many cases begun in this Court are eventually settled by the cooperation of taxpayers and Appeals Officers. Petitioner's conduct precluded this possibility. [4] Petitioner's conduct was also unreasonable. Any explanation offered for his facially unreasonable conduct was both too late and unconvincing. Accordingly, we award damages to the United States and against petitioner under section 6673 in the amount of $ 2,000. It is to be noted that for positions taken after December 31, 1989, in proceedings pending on, or commenced after such date, this Court may require the taxpayer to pay to the United States a penalty not in excess of $ 25,000. *119 Decision will be entered under Rule 155. Footnotes
1. All statutory references are to the Internal Revenue Code as in effect for the year in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, except as otherwise noted.↩
*. 50 percent of the interest due on the portion of the underpayment attributable to negligence. ↩
2. Counsel for petitioner stated that this documentary evidence had been "in the hands" of petitioner's father. Petitioner later testified that he and his father reside at the same address.↩
3. At the conclusion of trial herein, petitioner was ordered by the Court to file requested findings of fact and brief. He failed to do so.↩
4. We note that this is exactly the type of case, involving pure questions of fact -- here the substantiation of deductions -- which is easily amenable to out-of-court settlement.↩